UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD GOAN, by Mildred
Goan, as representative and
surviving spouse of Richard            CIVIL ACTION NO. 09-13494
Goan, deceased, and MILDRED
GOAN, Individually,                    DISTRICT JUDGE PAUL D. BORMAN

        Plaintiffs,                 MAGISTRATE JUDGE MARK A. RANDON

v.

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
_____/

**REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT AND ON DEFENDANT'S MOTION FOR REMAND**

      This is not the typical case seeking review of a denial of social security benefits. First, this case concerns retirement benefits, rather than disability or supplemental security income benefits. Second, the Commissioner of Social Security ("Defendant") admits that the Administrative Law Judge ("ALJ") did not apply the correct legal standard in this case. Specifically, Defendant concedes that the ALJ wrongfully applied the Social Security regulations pertaining to *disability* benefits to this matter, as opposed to *retirement* benefits (Dkt. 28, ¶ 4).

      Accordingly, Defendant filed a motion seeking to remand (Dkt. 28) this case for further proceedings – *i.e.,* to correct the legal errors committed by the ALJ. Plaintiffs will not stipulate to a remand, but rather want this Court to award benefits. Plaintiffs are, quite understandably, frustrated that this matter has been wending its way through the administrative and legal system for over 10 years. Indeed, this matter was previously in this Court (Case No. 02-75020), wherein the

Commissioner stipulated to a remand (E.D. Mich. Case No. 02-75020, Dkt. 17) for a second hearing. That remand gave rise to the ALJ's decision at issue in the present case.

In any event, for the reasons set forth below, the undersigned believes that a remand is warranted, so that an ALJ can apply the appropriate legal standard and regulations to this case and so that certain unresolved factual disputes can be resolved. As such, it is recommended that Plaintiff's motion for summary judgment (Dkt. 22) be **DENIED**, that Defendant's motion for remand (Dkt. 28) be **GRANTED** and that this matter be **REMANDED** for further proceedings consistent with the discussion below.

## I. RELEVANT FACTS

Plaintiff Richard Goan ("Mr. Goan"), now deceased, filed an application for retirement insurance benefits under 42 U.S.C. § 403 effective September 1993, the month in which he would attain age 65, intending to substantially reduce his hours and his salary from a family-owned plumbing business (Tr. 9). The Social Security laws and regulations permit a self employed wage earner to work part time and still be eligible for "retirement benefits" so long as he meets the requirements of 42 U.S.C. 403(b) and (f) and 20 CFR 404.446(a) and has not performed "substantial services" in any month. Mr. Goan was awarded these benefits effective September, 1993, after he turned age 65.

Mr. Goan received Social Security retirement benefits from 1993 to 1998, but Defendant's agent then notified Mr. Goan that a determination had been made that he had been overpaid $49,823 from 1995 to 1998 based upon reported earnings in excess of the allowable annual amount that would permit his receipt of Social Security retirement benefits (Tr. 108-109). Mr. Goan protested

this determination and ultimately participated in an Administrative Hearing on July 17, 2000 before ALJ Anthony Roshak in Oak Park, Michigan.

On February 13, 2001, Mr. Goan received a negative decision from the ALJ Roshak that concluded: Mr. Goan had never retired and he continued to render substantial services to his family business following his original receipt of retirement benefits; and, that he was not entitled to any retirement benefits prior to his attainment of age 70 in September 1998 (Tr. 9-15). As a further consequence, ALJ Roshak found that Mr. Goan was overpaid $60,711.50 from 1994 through 1998. *Id.* Mr. Goan died on June 27, 2001, at the age of 72, while his appeal of ALJ Roshak's determination was pending before the Appeals Council (Tr. 602, 649, 661-662).

After her husband passed away, Plaintiff Mildred Goan ("Mrs. Goan") applied for and received widow's benefits on Mr. Goan's account. The Social Security Administration informed Mrs. Goan that she was contingently liable for Mr. Goan's remaining overpayment of retirement benefits (Tr. 602, 644, 663-70). Mrs. Goan appealed the Commissioner's final administrative decision concerning her retirement benefits in federal court on her late husband's behalf. After Mrs. Goan filed a motion for summary judgment (E.D. Mich. Case No. 02-75020, Dkt. 12), the Commissioner stipulated to a voluntary remand of the case so that the Social Security Administration could consider additional evidence (Tr. 671-73, 677-78; E.D. Mich. Case No. 02-75020, Dkt. 17).

Following this remand, ALJ Robert Milton Erickson held a hearing on September 15, 2008 and a supplemental hearing on November 21, 2008 (Tr. 575). On May 6, 2009, ALJ Erickson issued a decision that Mr. Goan was not entitled to benefits from 1994-1998 (Tr. 575-78). In making this determination, ALJ Erickson wrongfully applied the Social Security regulations for disability insurance benefits, as opposed to the regulations for retirement benefits (Tr. 575-76, 578).

## II.  DISCUSSION

Section 205(g) of the Social Security Act (the "Act") sets out the conditions under which the government has agreed to be sued in Social Security cases.  *See* 42 U.S.C. § 405(g).  The fourth sentence of 42 U.S.C. § 405(g) gives a district court "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).  *See also Sullivan v. Finkelstein*, 496 U.S. 617, 625 (1990).  Thus, in cases like this one, where the Commissioner acknowledges that an ALJ's decision contains legal errors and cannot stand, the Court must decide whether to remand the matter or to reverse and order an immediate award of benefits.  Plaintiffs' insist that, because they do not intend to submit additional evidence, this Court should evaluate the evidence and make its own determination that Mr. Goan was entitled to retirement benefits from 1994-1998, instead of remanding.  Defendant responds that unresolved factual questions preclude an order of benefits and that this matter must be remanded for a new hearing.  Defendant is correct.

The Court can reverse a decision of the Commissioner and immediately award  benefits only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits.  *See Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990).  In other words, a judicial award of benefits is proper only where the proof of entitlement to benefits is overwhelming or where the proof of entitlement is strong and evidence to the contrary is lacking.  *Id.*; *Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985).  Otherwise, the Court is obliged to remand for additional explanation and resolution of the essential factual issues.  *See Newkirk v. Shalala*, 25 F.3d 316, 318 (6th Cir.1994).

Without question, this case should have been resolved long ago under the appropriate Social Security regulations. However, in the present case, there is conflicting evidence concerning Mr. Goan's entitlement to retirement benefits. In particular, there are some indications that Mr. Goan may have continued to contribute substantial services to the family business, and therefore had not retired within the meaning of the Act prior to 1998. Furthermore, there are also unresolved factual issues relating to Mrs. Goan's contingent liability for Mr. Goan's alleged overpayment.[1] In any event, these factual issues are not for this Court to decide. Consequently, this case does not meet the criteria for an immediate judicial award of Social Security benefits and must, instead, be remanded for a new hearing.

### III. CONCLUSION

For the reasons set forth above, it is recommended that Plaintiff's motion for summary judgment (Dkt. 22) be **DENIED**, that Defendant's motion for remand (Dkt. 28) be **GRANTED** and that this matter be **REMANDED** for further proceedings, consistent with the discussion above.

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard*

---

[1] Social Security regulations state that a recipient of widow's benefits may be contingently liable for a debt to the Social Security Administration that her husband had not repaid at the time of his death. *See* 20 C.F.R. § 404.502(b)(3). However, the Commissioner also must determine whether the alleged overpayment could be waived with respect to Mrs. Goan. To determine whether the overpayment can be waived, it is necessary to determine whether Mrs. Goan was "without fault" in incurring the overpayment on Mr. Goan's account from 1994-1998. *See* 20 C.F.R. §404.507(a)-(b). A "without fault" determination is primarily factual. *See Blackwell v. Sec'y of Health & Human Servs.*, No. 88-1210, 1989 WL 13069 at *2 (6th Cir. Feb 9, 1989). The Commissioner never made such a factual determination in this case, as Mr. Goan was alive at the time of ALJ Roshak's initial decision in 2001 (Tr. 9-13), and ALJ Erickson's 2009 decision never considered whether Mrs. Goan was at fault in incurring the overpayment on Mr. Goan's account between 1994 and 1998. Consequently, this also remains an unresolved factual issue, requiring a remand.

*v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *See Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Rule 72.1(d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objection must be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                             s/Mark A. Randon
                             MARK A. RANDON
                             UNITED STATES MAGISTRATE JUDGE

Dated: January 27, 2011

## Certificate of Service

*I hereby certify that a copy of the foregoing document was served on the parties of record on this date, January 27, 2011, by electronic and/or first class U.S. mail.*

                             *s/Melody R. Miles*
                             *Case Manager to Magistrate Judge Mark A. Randon*
                             *(313)234-5542*