UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD E. GOAN, by Mildred
Goan, as representative and surviving
spouse of Richard Goan, deceased, and
MILDRED GOAN, individually,

v.                  Plaintiffs,

Case No. 09-13494

Paul D. Borman
United States District Judge

Mark A. Randon
United States Magistrate Judge

COMMISSIONER OF
SOCIAL SECURITY,

                Defendant.
_____/

OPINION AND ORDER (1) ADOPTING THE MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION (DKT. NO. 31);
(2) DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT (DKT. NO. 22);
(3) GRANTING DEFENDANT'S MOTION FOR REMAND (DKT. NO. 28); AND
(4) REMANDING THIS MATTER FOR FURTHER PROCEEDINGS

This matter is before the Court on Plaintiffs' Objections to the Magistrate Judge's Report and Recommendation of Plaintiffs Motion for Summary Judgment and Defendant's Motion for Remand. (Dkt. No. 32.) Defendant has filed a response to Plaintiffs' objections. (Dkt. No. 33.) For the reasons that follow, the Court ADOPTS the Magistrate Judge's Report and Recommendation, DENIES Plaintiffs' Motion for Summary Judgment, GRANTS Defendant's Motion for Remand and REMANDS this matter to the Commissioner for further proceedings consistent with this Opinion and Order.

**INTRODUCTION**

The history of this case is unfortunately lengthy and it is with regret but not hesitation that

1

this Court concludes that the matter cannot end here. The main issue in the case remains whether Richard Goan, who is now deceased, was overpaid Social Security Retirement Benefits for the period 1994-1998 due to the fact that he was still providing "substantial services" to a family-owned business at the same time he was receiving his retirement benefits. A corollary issue is whether Mr. Goan's widow, Mildred Goan, who now receives widow's benefits on Mr. Goan's social security account, should be held contingently liable for any part of the amounts allegedly overpaid. Implicit in the resolution of the second issue are determinations of whether Mr. or Mrs. Goan was at fault in incurring the alleged overpayment and whether requiring recovery of the overpayment would defeat the purposes of the Social Security Act or would work an unconscionable hardship on Mrs. Goan.           The parties agree that Administrative Law Judge ("ALJ") Robert Milton Erickson, the third ALJ in an eleven year saga to have addressed Plaintiffs' claims, applied the wrong legal standard in evaluating Plaintiffs' claim for benefits. ALJ Erickson applied the "substantial gainful activity" test applicable to claims for disability benefits rather than the "substantial services" test applicable to claims for retirement benefits. The parties do not dispute the fact that the two tests are not at all similar and that they require consideration of completely different factors. In fact Plaintiffs concede that application of the disability standard constitutes reversible error which could require a remand but they urge the Court to conclude that a remand is not necessary here because, they argue, there is sufficient evidence in the record for this Court to reverse the decision of the ALJ and immediately award benefits.

    Defendant responds that ALJ Erickson applied the wrong legal standard, that this resulted in reversible error and that questions of fact remain to be decided under the appropriate legal standard which preclude a final determination and award of benefits by this Court. The Court agrees

that application of the wrong legal standard constitutes reversible error and requires a remand in this case for further proceedings, because the ALJ's decision left unresolved multiple issues of fact that this Court is neither qualified nor authorized to resolve in the first instance. The Court agrees with the Magistrate Judge's conclusion that this matter must be remanded to the Commissioner for further proceedings and evaluation of the evidence under the appropriate legal standard.[1]

## I. BACKGROUND

On or about August 26, 1993, at the age of 65, Richard Goan, now deceased, filed an application with the Social Security Administration ("SSA") to receive retirement benefits. (Dkt. No. 8, Transcript of Administrate Proceedings, Testimony of Richard Goan at a July 17, 2000 Hearing on Application for Benefits, 20, 72-75 .) At the time, the SSA applied an earnings test to all persons under the age of 70 who continued to work while receiving retirement benefits, denying such persons full benefits if they continued to provide "substantial services" to a company while allegedly retired. 20 C.F.R. § 404.434(c). In the case of a closely held family-owned business, the SSA will reapportion salaries paid to family members and employees to reflect the true nature of the services rendered by a "retired" individual under the age of 70. *Berger v. Sec'y of Health and Human Servs.*, 835 F.2d 635, 639 (6th Cir. 1987) ("The Secretary is authorized to examine the substance of business transactions and relationships in order to determine if a retired individual

---

[1] The Court notes that in 2008, Mrs. Goan received a letter from the SSA informing her that her entire obligation for the alleged overpayment had been satisfied. (Tr. 810, 812, Oral Hr'g, Nov. 21, 2008, Testimony of Mildred Goan.) Mrs. Goan has been receiving full benefits since that time. Thus, due to the passage of time, the issue has become whether the amounts were properly withheld and if not, whether Mrs. Goan is entitled to have the amounts withheld returned to her. Plaintiffs claim that they are owed a total of $63,982.10 based on amounts that they allege were wrongfully withheld from Mr. Goan's account prior to his death ($25,323.50) and from Mrs. Goan's account subsequent to her husband's death ($38,658.60). (Dkt. No. 22, Pls.' Mot. Summ. Judg. 42-43, 45.)

3

actually rendered substantial services while supposedly retired, 42 U.S.C. § 403(f)(4)(A) & (B).")

On May 27, 1999, the SSA notified Mr. Goan that he had been overpaid retirement benefits for the years 1994-1998 because he had provided "substantial services" to his family-owned business which resulted in an earned income in excess of the wages paid to him by the company. (Tr. 105-109.) In reaching its conclusion, the SSA noted that Mrs. Goan, whose services for the company did not change during this time from prior years, began receiving a salary in 1994 far in excess of what she had received in prior years and in an amount roughly equivalent to the decreased wages paid to Mr. Goan. The SSA concluded that Mrs. Goan's salary for the years 1994-1998 should be attributable to Mr. Goan which rendered Mr. Goan ineligible for the great portion of the benefits he had received in those years, resulting in an overpayment of benefits to Mr. Goan of $49,823.00. (Tr. 108.) The Goan's challenged the calculation of overpayment and, on review of its prior determination, the SSA concluded that the amount of benefits overpaid was even higher than previously calculated, and advised Mr. Goan on February 12, 2000 that in fact Mr. Goan had been overpaid $60,711.50. (Tr. 136-139.)

In March, 2000, Mr. Goan requested an administrative hearing, contesting the determination of the SSA that he had been overpaid retirement benefits, insisting that his income never exceeded the eligibility amount in any of the years 1994-1998. (Tr. 140-141.) On July 17, 2000, a hearing was held before ALJ Anthony J. Roshak. (Tr. 9-15.) ALJ Roshak received evidence and testimony from Mr. Goan, Mrs. Goan, their son Jeffrey Goan, who had returned to Michigan from California to work in the family business, and also heard testimony from the company accountant, Mr. Kenneth Olen. In a February 13, 2001 decision, ALJ Roshak, following the mandate of *Berger* and examining the substance of the family business, concluded that Mr. Goan "had never retired from

the family business, and should have been in questionable retirement status until the attainment of age 70." (Tr. 15.) ALJ Roshak examined all of the relevant factors under the "substantial services" test and concluded that the company's realignment of wages among the family members beginning in the year that Mr. Goan first applied for retirement benefits, among other factors, made it "crystal clear that this was a scheme for [Mr. Goan] to indicate that he had retired and thus be entitled to Social Security Retirement Insurance Benefits [n]otwithstanding that he remained very involved with the corporate business as an officer, director and stockholder." (Tr. 14.) ALJ Roshak ruled that Mr. Goan was overpaid $60,711.50 for the period 1994-1998. (Tr. 15.)

The Goans appealed this decision to the SSA Appeals Council. On June 25, 2001, while this appeal was pending, Richard Goan passed away and Mrs. Goan became a substitute party in the proceeding and received notice from the SSA that she was entitled to receive widow's benefits based on the earnings records of her deceased husband but that she may be contingently liable for the overpayment made to her deceased husband. (Tr. 644-647, 653, 679, 661.) On October 18, 2002 the Appeals Council denied the appeal and upheld ALJ Roshak's finding that Mr. Goan's salary for the years in which he received SSA retirement benefits was not commensurate with his services. (Tr. 661-662.) The Appeals Council concluded that accordingly the wages reported by Mr. and Mrs. Goan would be reallocated. In its decision, the Appeals Council noted that the amount for which Mrs. Goan remained contingently liable was $38,658.60, not the $60,711.50 that was referred to by ALJ Roshak, based on recalculation in connection with the increase in her widow's benefits resulting from the reapportionment and increase of her husband's income in the years 1994-1998. (Tr. 661-662.) The Appeals Council noted that the amount may be subject to further revision and that the claim file was being sent to the Great Lakes Program Service Center for recalculation. (Tr.

5

662.)

On December 18, 2002, Mrs. Goan filed a timely appeal in Federal District Court which was assigned to the Honorable Robert Cleland. (Tr. 652, 672.) On September 10, 2003, on stipulation of the parties, the case before Judge Cleland was remanded to the ALJ for further proceedings. Plaintiffs had alleged in the district court that the Appeals Council failed to consider new and material evidence in reviewing the ALJ's decision, in particular the testimony of Mrs. Goan, Jeffrey Goan and the company accountant. (Tr. 655, 671-673, 722-35.) In response to the District Court remand, the Appeals Council, in a notice dated April 27, 2004, directed that the case be remanded to the ALJ, in light of any new evidence or argument, to decide the issue of the amount of Mr. Goan's earnings for the years 1994-1998, including consideration of whether any of the earnings currently credited to Mrs. Goan's earnings should be reallocated to that of her late husband. (Tr. 677-678.) When ALJ Roshak received the Appeals Council's notice of remand, he concluded, after a hearing on December 2, 2005 at which Mrs. Goan and her lawyer were present, that because Mrs. Goan was now receiving widow's benefits and Mr. Goan was deceased, circumstances had changed and the calculation of benefits had to be referred back to the program service center for recomputation. (Tr. 722-724, 601-603.) ALJ Roshak based his decision to order a recomputation by the program service center on the Appeals Council's statement in its October 18, 2002 order that the claim file was to be sent to the Great Lakes Program Service Center for recalculation based on Mrs. Goan's receipt of increased widow's benefits. (Tr. 723, 677-678.)[2]

---

[2] The Appeals Council's directive in its October 18, 2002 order that the claim file be sent to the program service center for recalculation was based on the finding of the ALJ that there had in fact been an overpayment and that reallocation was therefore required. (Tr. 661-662.) In this October 18, 2002 order, the Appeals Council appears to be suggesting that the amount of the overpayment may have been overstated in light of Mr. Goan's passing and Mrs. Goan's right to receive widow's

6

On further review pursuant to ALJ Roshak's remand, the Great Lakes Program Service concluded that there was an overpayment of $60,711.00 in old age retirement benefits to Mr. Goan. (Compl. ¶ 9(b); Tr. 616-621.) On the basis of the program services findings, and to recoup the overpayment, the SSA reduced Mrs.Goan's SSA monthly benefit amount as explained in a notice sent to her on October 8, 2006. (Tr. 604-605.) Mrs. Goan appealed this and, although her appeal was untimely, the Appeals Council ruled that the ALJ could consider whether there was good cause for the failure to timely file an appeal and could afford Mrs. Goan the opportunity for a supplemental hearing.

ALJ Robert Milton Erickson agreed to afford Mrs. Goan the opportunity for a hearing and issued a Notice of Hearing on August 26, 2008, setting a hearing date of September 15, 2008, and indicating that the issues to be decided were: (1) whether Mr. Goan was overpaid $60,711.50 in retirement benefits for the period 1994-1998 due to earnings from a family owned business; and (2) whether Mrs. Goan might be liable for her deceased spouse's overpayment. (Tr. 590-591.) ALJ Erickson held a hearing on September 15, 2008 and received testimony from Mrs. Goan. ALJ Erickson held a second supplemental hearing on November 21, 2008, at which he received evidence

---

benefits. The Appeals Council at that time indicated that Mrs. Goan's contingent liability was $38,658.60 and might even be lower "if underpayments due to the aforementioned benefit increase [i.e. increase in her widow's benefits due to Mr. Goan's recomputed higher earnings] are used to reduce the amount owed." (Tr. 662.) The Appeals Council indicated at that time that the file was being sent to the Great Lakes Program Center "to ensure that all appropriate earnings reallocations and recomputations have been effectuated on both your account and on Mr. Goan's account." (Tr. 662.) However, in its subsequent April 27, 2004 remand order to the ALJ (following remand from the District Court), the Appeals Council instructed that the ALJ should revisit the underlying issue, based on new evidence and testimony, of whether Mr. Goan was actually overpaid in the years 1994-1998. (Tr. 678.) Thus, it appears to the Court that it was error for ALJ Roshak to defer in the first instance, on remand from the District Court, to the program center for recalculation before readdressing the issue of the Goan's underlying liability for any overpayment. (Pls.' Mot. Summ. Judg. 42.) This issue must be addressed on remand.

7

and testimony by phone from Mrs. Goan and her accountant Kenneth Olen. (Tr. 575.) ALJ Erickson then concluded, applying the "substantial gainful activity" test applicable to disability claims rather than the "substantial services" test applicable to retirement benefit claims, that during the time period that he was receiving retirement benefits, Mr. Goan continued to perform services for his family owned business similar to those of a plumbing inspector on an average of 20 hours per week. (Tr. 577.) ALJ Erickson then concluded that Mrs. Goan was providing services similar to those of an office manager on an average of 40 hours per week. (Tr. 577.) Based on these conclusions, ALJ Erickson held that "[t]he claimants were overpaid disability benefits in amounts that should be adjusted to reflect the impact of the market value of wages consistent with the claimants' work activity on their monthly disability eligibility." (Tr. 578.) ALJ Erickson also held, without discussion, that Mr. and Mrs. Goan were not "without fault" in receiving these overpayments. (Tr. 578.)

On September 3, 2009, Plaintiffs filed a Petition for Review in this Court of ALJ Erickson's opinion. (Dkt. No. 1.) On September 21, 2010, Plaintiffs filed a motion for summary judgment, seeking a reversal of the ALJ's decision and entry of award of benefits in their favor. (Dkt. No. 22.) On December 6, 2010, in lieu of a response to Plaintiffs' motion for summary judgment, Defendant filed a Motion for Voluntary Remand to the Commissioner for further proceedings. (Dkt. No. 28.) In his Report and Recommendation dated January 27, 2011, Magistrate Judge Randon granted the Commissioner's motion for a voluntary remand for further proceedings. (Dkt. No. 31.) Plaintiffs now object to that Report and Recommendation.

## II.   STANDARD OF REVIEW

A district court must conduct a *de novo* review of the parts of a magistrate judge's report and

recommendation to which a party objects. 28 U.S.C. § 636(b)(1). A district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. An "objection" that does nothing more than disagree with a magistrate judge's conclusion, or simply summarizes what has been argued before, is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 508 (6th Cir.1991).

## III. ANALYSIS

It is clear, and the parties do not dispute, that ALJ Erickson applied the wrong legal standard in reviewing the issue of whether Mr. Goan continued to provide substantial services to his family-owned business after applying for and receiving retirement benefits beginning in 1994. Both parties agree that the ALJ committed reversible error in evaluating the evidence under the "substantial gainful activity" test applicable to a self-employed worker who claims disability benefits, 20 C.F.R. § 404.1575(a)(12) rather than the "substantial services" test applicable to a retired worker claiming retirement insurance benefits under 20 C.F.R. § 404.447(a)(2).

Given the ALJ's admitted legal error, this Court can reverse the decision of the Commissioner and award benefits only if all of the essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits. *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994). Under these circumstances, a judicial award of benefits is appropriate only where proof of entitlement to benefits is overwhelming or where proof of entitlement is strong and evidence to the contrary is lacking. *Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985). Absent such a definitive record, the Court is obligated to remand for additional

explanation and resolution of the essential factual issues. *Newkirk v. Shalala*, 25 F.3d 316, 318 (6th Cir. 1994). "Once the determination has been made that the Commissioner's decision fails to apply the correct legal standard or is not supported by substantial evidence, the Court must decide whether further fact-finding is required. "[I]f all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits," this Court may remand for an award of benefits." *Krupa v. Comm'r Soc. Sec.*, 366 F. Supp. 2d 513, 518 (6th Cir. 2005) (citing *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir.1994) and *Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir.1985)) ("In cases where there is an adequate record, the Secretary's decision denying benefits can be reversed and benefits awarded if the decision is clearly erroneous, proof of disability is overwhelming, or proof of disability is strong and evidence to the contrary is lacking."); *Love v. Comm'r of Soc. Sec.*, 605 F. Supp. 2d 893, 907 (W.D. Mich. 2009) (finding remand for further proceedings was required where the ALJ applied the wrong legal standard and there was not "compelling" proof on the record that plaintiff was disabled); *Pethers v. Comm'r Soc. Sec.*, 580 F. Supp. 2d 572, 583 (W.D. Mich. 2008) (remanding for calculation of benefits, rather than for further proceedings, where application of the correct legal standard led to the "inexorable conclusion" that plaintiff was disabled); *Snyder v. Comm'r Soc. Sec.*, No. 09-cv-774, 2010 WL 3808377 at * (W.D. Mich. July 30, 2010) (remanding for further proceedings where ALJ applied the wrong legal standard and resolution of conflicting evidence required the court to make factual determinations "which it is neither qualified nor authorized to make."). *See also Johnson v. Comm'r of Soc. Sec.*, No. 07-14289, 2008 WL 5411658 at * 4 (E.D. Mich. Dec. 23, 2008) (holding that where the ALJ failed to evaluate the evidence according to elements of the proper legal standard, remand was required with instructions to consider the evidence as to each of the applicable criteria under the

appropriate legal standard).

In their motion for summary judgment, Plaintiffs concede that the tests under the disability and retirement provisions are vastly different, and point out to the Court reasons why the ALJ "committed reversible error" in applying the disability rather than the retirement regulations, the latter, according to Plaintiffs, being much more "forgiving." (Pls.' Mot. Summ. Judg. 6-9.) Plaintiffs concede in their brief in opposition to the Commissioner's motion for a remand that this error "justifies a reversal" but argue that a remand is not "automatic." (Dkt. No. 29, Pls.' Answer to Def.'s Mot. Remand, 4-5.) Plaintiffs argue that the evidence in the instant case as to the Goan's liability for the alleged overpayment of benefits overwhelmingly demonstrates that Mr. Goan was not providing substantial services to his family-owned business at the time he applied for retirement benefits in 1994 and that this Court should apply the correct legal standard to the evidence, conclude that there were no overpayments, reverse the decision of the ALJ and order that Plaintiffs are entitled to "all retirement payments wrongfully withheld/deducted from their grants." (Dkt. No. 29, Pls.' Answer to Def.'s Mot. Remand, 7-8.) The Magistrate Judge disagreed and concluded that in this case there are unresolved factual issues that require a remand for further proceedings and application of the correct legal standard. Plaintiffs now urge this Court to reject the Magistrate Judge's recommendation that the matter be remanded to the Commissioner for further proceedings, citing four objections to the Magistrate Judge's Report and Recommendation.

### A. Plaintiffs' Object to the Magistrate Judge's Conclusion That Further Factual Development Under the Appropriate Legal Standard is Necessary

Plaintiffs' first objection is a general objection to the Magistrate Judge's ultimate legal conclusion that a remand is not required. This objection does not adequately specify any particular legal error committed by the Magistrate Judge, but simply reargues Plaintiffs' position that *Faucher*

11

and *Mowery* do not require a remand because all factual issues have been adequately resolved. As discussed in more detail below in response to Plaintiffs' more specific objections, the Court agrees with the Defendant and the Magistrate Judge that there are several factual issues essential to a finding of liability under the "substantial services" test which were not adequately addressed by the ALJ because he did not apply that standard. [3]

> **B.    Plaintiffs' Object to the Magistrate Judge's Conclusion That Conflicting Evidence on the Issue of Mr. Goan's Rendering of "Substantial Services" Justifies a Remand**

Plaintiffs object to the Magistrate Judge's conclusion that a remand is required because there is conflicting evidence on the issue of whether Mr. Goan continued to provide substantial services to his family-owned business. (Pls.' Objs. 6.) Plaintiffs state that they have no intention of introducing any further evidence on this issue and therefore this Court should decide the matter. However, Plaintiffs overlook the mandate of *Mowery*, *Newkirk* and *Faucher* which instruct that when the ALJ applies the wrong legal standard, a remand is required unless the evidence of entitlement is "overwhelming" and where evidence to dispute entitlement is lacking. On the present factual record, this Court would be forced to conclude that the evidence on the issue of the substantial nature of Mr. Goan's services is at best equivocal. Two ALJs have heard testimony in this matter and both have concluded, albeit under different legal standards and on different factual records, that Mr. Goan continued to perform significant services for his family-owned business while at the same time applying for and receiving SSA retirement benefits. It simply cannot be said

---

[3] Plaintiffs concede that the record below was not fully developed and that Plaintiffs were "prejudiced by being prevented from presenting testimony on [the issue of good faith] and the issue of reallocation of salaries . . . ." (Pls.' Objs. 10.) Plaintiffs would like this Court to overlook this and other evidentiary shortcomings and rule in their favor on an incomplete record. The Court is neither authorized nor inclined to do so.

that the evidence favoring an award of benefits is "overwhelming" or that evidence supporting a finding of substantial services is lacking. Because the ALJ applied the wrong legal standard, he did not address or elicit testimony specifically related to each of the evidentiary factors necessary to finding that Mr. Goan continued to provide "substantial services."

The test employed for determining whether an individual has or has not performed substantial services in any given month includes consideration of the following factors:

(1) The amount of time the individual devoted to all trades and businesses;

(2) The nature of the services rendered by the individual;

(3) The extent and nature of the activity performed by the individual before he allegedly retired as compared with that performed thereafter;

(4) The presence or absence of an adequately qualified paid manager, partner, or family member who manages the business;

(5) The type of business establishment involved;

(6) The amount of capital invested in the trade or business;

(7) The season nature of the trade or business.

*Berger*, 835 F.3d at 639. The ALJ touched on some of these factors but failed to address others.

The applicable regulations provide some guidance on how these factors should be evaluated and instruct that working more than 45 hours per month creates a presumption of substantial services. 20 C.F.R. § 404.447(a)(1). Mr. Goan was found to have worked approximately 20 hours per week. Additionally, the regulations provide that consideration must be given to the nature of the services provided, and the value to the business of the services provided. 20 C.F.R. § 447(b). Additionally, an important consideration is "whether the family member receiving the income increases his or her duties commensurate with the increase in salary[] and [] whether the family

13

member's income is used to support the claimant." *Heer v. Sec'y of Health and Human Servs.*, 670 F.2d 653, 655 (6th Cir. 1982).

None of these factors was specifically addressed or adequately considered by ALJ Erickson. For example, while Plaintiffs contend that Mrs. Goan's responsibilities after 1994 increased commensurate with her increased salary, Mr. Olen, the company accountant, testified that Mrs. Goan had been doing the majority of the billing and office duties since Mr. Olen started with the company in 1992. (Tr. 66.) Thus, a question of fact exists with respect to whether her duties actually changed commensurate with the increase in her salary in 1994. Additionally, the nature of Mr. Goan's services is never adequately addressed in the ALJ's opinion. In fact, Plaintiffs complain that the ALJ's focus on the number of hours that Mr. Goan may have worked to the exclusion of the nature of the work that he performed was inappropriate. (Pls.' Objs. 7-8.) The ALJ did not engage in a thorough analysis of how the nature of Mr. Goan's actual services rendered between 1994-1998 compared to those he had performed prior to that time. The ALJ concluded that Mr. Goan was providing services comparable to a plumbing inspector but did not discuss, or elicit testimony, as to how those services compared to his prior job duties. Nor did the ALJ evaluate or elicit testimony as to the value to the company of Mr. Goan's 20 hours per week as a "plumbing inspector." ALJ Erickson also declined the opportunity to take further testimony from Mr. Goan's son, Jeffrey, which would have more specifically addressed the factor of whether there was a qualified individual who could fully perform all of the management and organizational functions previously performed by Mr. Goan. The Court cannot conclude on the record as developed that there is overwhelming evidence that Mr. Goan did not provide substantial services to his family-owned business at any time after he applied for SSA retirement benefits in 1994 and/or that evidence to the contrary is lacking.

### C. Plaintiffs' Object to the Magistrate Judge's Conclusion That the Record Contains No Evidence to Permit a Finding That the Goan's Were "Without Fault"

Plaintiffs are correct that the record contains no evidence or findings as to the fault of either Mr. or Mrs. Goan and for this additional reason the matter must be remanded for further proceedings. The overpaid individual bears the burden of establishing that he or she was without fault. *Morgan v. Finch*, 423 F.2d 551, 553 (6th Cir. 1970) ("In order to come within the waiver provisions of this section, a recipient must show, first, that he is without fault and, second, that recovery would defeat the purposes of the Act or would be against equity and good conscience.") *See also* Bloch, Administrative Procedure § 4.7 ("The overpaid individual bears the burden of proving that he or she was without fault.") In his Findings of Fact and Conclusions of Law, the ALJ found that "the claimants were not "without fault" in causing and accepting the overpayment. (Tr. 578.) The record, however, contains no evidence whatsoever to support this finding. No testimony was elicited from the witnesses one way or the other on this issue. Indeed, Plaintiffs state in their objections that Mrs. Goan "was prejudiced by being prevented from presenting testimony" on the issue of fault. (Pls.' Objs. 10.) A "without fault" determination is primarily factual. *Blackwell v. Sec'y of Health & Human Servs.*, No. 88-1210, 1989 WL 13069 at * 2 (6th Cir. Feb. 9, 1989). The record gives no indication as to whether Mr. and/or Mrs. Goan's incurring of the overpayment was "without fault" under the provisions of 20 C.F.R. § 404.507(a)-(b). Absent such a factual finding, it is impossible to conclude whether the overpayment can be waived under 20 C.F.R. § 404.506. Likewise, the second condition precedent to waiver of an overpayment, i.e. a finding that requiring repayment would defeat the purposes of the Social Security Act or would be against equity and good

15

conscience, has never been addressed. *See* 20 C.F.R. § 404.447(a).[4]

## IV. CONCLUSION

Plaintiffs are understandably frustrated at the length of time that their claim has been pending and justifiably angered at ALJ Erickson's failure to apply the appropriate legal standard in the most recent administrative hearing. Although ALJ Roshak, in his February 13, 2001 decision applied the correct legal standard, and engaged in a thorough analysis of the *Berger* factors, the parties ultimately agreed that his decision was rendered on an incomplete factual record. ALJ Erickson, in his May 6, 2009, while having the benefit of an enhanced factual record, applied the wrong legal standard and failed to address several crucial factual issues. In this case, there are unresolved factual issues and the proof of entitlement to benefits is not overwhelming, compelling nor does the evidence "inexorably" lead to the conclusion that benefits were overpaid. Nor has there been an adequate record developed on the issue of whether the Plaintiffs were "without fault" or entitled to waiver. This Court is neither qualified nor authorized to resolve the issues that remain to be decided.

Accordingly, the Court:

(1) ADOPTS the Magistrate Judge's Report and Recommendation (Dkt. No. 31);

(2) DENIES Plaintiffs' motion for summary judgment (Dkt. No. 22);

(3) GRANTS the Commissioner's motion for a voluntary remand;

(4) REVERSES the Commissioner's finding that claimants received an overpayment of retirement benefits; and

---

[5] Plaintiffs' fourth objection is simply a repackaging of its third objection and cites the substantial evidence test, which is not the controlling standard of review where the ALJ has applied the wrong legal standard.

16

(5) REMANDS this matter to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this Opinion and Order.

IT IS SO ORDERED.

S/Paul D. Borman<br>PAUL D. BORMAN<br>UNITED STATES DISTRICT JUDGE

Dated: April 19, 2011

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on April 19, 2011.

S/Denise Goodine<br>Case Manager